IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Antoine Bostic, Individually and as Personal Representative of the Estate of Bertila Delora Boyd-Bostic, | ) ) ) ) | C/A No. 4:18-cv-00948 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| 3M Company, a Minnesota Corporation, Imerys Talc America, Ind. f/k/a Luzenac America, Inc., a Delaware Corporation, Johnson & Johnson Consumer, Inc., a New Jersey Corporation, Johnson & Johnson Services, Inc., a New Jersey Corporation, Navistar, Inc. f/k/a International Harvester Company, a Delaware Corporation, Rite Aid of South Carolina, Inc., a South Carolina Company, Dollar Tree Stores, Inc., a Virginia Corporation, and Family Dollar Stores, Inc., a South Carolina Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER AND OPINION** |
| Defendants. | ) ) | |

This matter comes to the Court on Plaintiff's Emergency Motion to Remand, Reduce the Defendants' Time to Respond,[1] and Award Attorneys' Fees. ECF No. 4.

## I. Procedural and Factual History

Plaintiff filed a Complaint in the Court of Common Pleas for Darlington County, alleging that Bertila Delora Boyd-Bostic was injured because of exposure to asbestos in

---

[1] By text order on April 10, 2018, the Court expedited briefing on this Motion.

the 1980s.[2] ECF No. 1-1 at 4–20. Plaintiff amended the Complaint three times, with various parties being added and dropped to reflect the evolution of Plaintiff's claims. On March 2, 2018, Plaintiff filed the Third Amended Complaint, which alleges that Ms. Boyd-Bostic "was exposed to asbestos as a bystander and while using Johnson & Johnson Baby Powder . . . in her South Carolina home and other homes beginning in the 1980s." ECF No. 1-2 at 35. Plaintiff also alleges that this exposure led to Ms. Boyd-Bostic's diagnosis of Mesothelioma and, ultimately, her death. *Id.* Plaintiff has named various entities who manufactured, distributed, or sold the asbestos-containing products as defendants. ECF No. 1-2 at 34–36. The case is scheduled for a date-certain trial on May 14, 2018, before the Honorable Jean H. Toal. ECF No. 4 at 2.

On April 6, 2018, Defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., Imerys Talc America, Inc., f/k/a Luzenac America, Inc., Dollar Tree Stores, Inc., Family Dollar Stores, Inc., and Rite Aid of South Carolina, Inc. (collectively, "Removing Defendants") filed a Notice of Removal in this Court. ECF No. 1. Removing Defendants have subsequently attempted to amend the Notice of Removal, though they have not filed a proper Motion despite being directed to do so by the Clerk. ECF No. 9. In response, Plaintiff has filed an Emergency Motion to Remand, Reduce the Defendants' Time to Respond, and Award Attorneys' Fees. ECF No. 4. The parties have briefed the Motion and it is ripe for this Court's review. The Court has determined that oral argument will not aid in the decisional process.

---

[2] The Complaint was originally filed by Bertila Boyd-Bostic and Antoine T. Bostic. ECF No. 1-1 at 4. Ms. Boyd-Bostic subsequently died, ECF No. 1-2 at 24, and Antoine Bostic was substituted as her personal representative. ECF No. 1-2 at 30–47.

## II. Legal Standard

### A. Removal and Diversity Jurisdiction

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD*, 191 F.3d 394, 399 (4th Cir. 1999). A party seeking to remove a case from state to federal court bears the burden of proving that jurisdiction is proper when it files its notice of removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). Courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). If federal jurisdiction is doubtful, remand is necessary. *Mulcahey*, 29 F.3d at 151.

The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Without jurisdiction based on the presentation of a federal question, *see* 28 U.S.C. § 1331, a federal district court has only "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §1332(a). The diversity jurisdiction statute has "consistently been held

to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (footnote omitted).

### B. Removal Under 28 U.S.C. § 1446

When a case is not removable based on parties' initial pleadings, 28 U.S.C. § 1446(b)(3) governs when a defendant may file a notice of removal. Under Section 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (quoting 28 U.S.C. § 1446(b)(3); *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994)).

### C. Fraudulent Joinder

"A civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Toney v. LaSalle*

*Bank Nat. Ass'n*, 36 F. Supp. 3d 657, 663 (D.S.C. 2014) (citing *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006)). "The second means for establishing fraudulent joinder is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (citing *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "A plaintiff does not have to show he will prevail against the defendant." *Id.* "He must only show that he has a slight possibility of succeeding." *Id.* (citing *Hartley*, 187 F.3d at 426). "If the plaintiff can show this glimmer of hope, the defendant is properly joined." *Id.*

## III. Analysis

### A. Motion to Remand

Removing Defendants claim that removal is timely because they "first ascertained that the case at hand has become one that is removable to federal court when served by Plaintiff of his (sic) Third Amended Summons and Complaint on or about March 8, 2018[,] which dismissed Avon, Inc. ("Avon"). Avon was the only remaining Defendant in this case which is incorporated in South Carolina or has their principal place of business in South Carolina."[3] ECF No. 1 at 3. In response, Plaintiff claims that, "in the Notice of Removal, Defendants completely ignore the fact that Rite Aid of South Carolina, Inc. is still a defendant in the case." ECF No. 4 at 4. Therefore, Plaintiff contends that complete diversity does not exist. Plaintiff also claims that Removing Defendants' Notice of Removal is untimely.

Removing Defendants first allege that Plaintiff improperly named Defendant Rite Aid of South Carolina, Inc. and that the appropriate party is EDC Drug Stores, Inc.

---

[3] All parties agree that Plaintiff is a citizen and resident of South Carolina.

Removing Defendants claim that EDC Drug Stores, Inc. "is a citizen of North Carolina and Pennsylvania for removal purposes." ECF No. 1 at 6. Thus, Removing Defendants ask the Court to ignore Defendant Rite Aid of South Carolina, Inc.'s citizenship for purposes of evaluating diversity jurisdiction. The Court construes this argument as a claim that Plaintiff fraudulently joined Defendant Rite Aid of South Carolina, Inc.

On April 12, 2018, Removing Defendants filed an Affidavit of Susan Lowell, a Vice President of Eckerd Corporation—after both the Notice of Removal and Motion to Remand were filed. ECF No. 6. Additionally, on April 13, 2018, Removing Defendants filed a Motion to Amend the Notice of Removal. ECF No. 9. However, instead of filing an actual Motion to Amend, Removing Defendants simply filed an Amended Notice of Removal and categorized it as a Motion to Amend on CM/ECF. The Court, therefore, concludes that there is no valid Motion to Amend before it and will consider only the allegations in the Notice of Removal. The question then becomes whether the Court can also consider the supplemental Affidavit filed by the Removing Defendants.

"By leave of court, a defendant may amend a notice of removal to cure '[d]effective allegations of jurisdiction.'" *Sonoco Prods. Co. v. Guven*, No. 4:12-cv-00790-RBH, 2012 WL 4322521, at *4 (D.S.C. Sept. 19, 2012) (quoting 28 U.S.C. § 1653). "Authorities agree that a defendant may freely amend within the thirty-day period" to file a Notice of Removal. *Id.* (citing 14C Fed. Prac. & Proc. Juris. § 3733). Removing Defendants allege that this case became removable on March 8, 2018. ECF No. 1 at 4. Therefore, the Affidavit was filed outside the thirty-day period. The Fourth Circuit Court of Appeals has not issued a published decision resolving the standard to apply when a Motion to Amend is filed outside of the thirty-day period. That said, generally courts have allowed amendments

6

"for the purpose of setting forth more specifically grounds for removal which had been imperfectly stated in the original petition." *Thompson v. Gillen*, 491 F. Supp. 24, 27 (E.D. Va. 1980). Accordingly, without resolving the underlying legal question, the Court will consider the Affidavit.

Nonetheless, Removing Defendants' allegations in the Affidavit and Notice of Removal fall short of the standard required for this Court to find fraudulent joinder. Plaintiff has offered evidence that Ms. Boyd-Bostic used baby powder that was purchased at a Rite Aid in Hartsville as early as 1987. *See, e.g.*, ECF Nos. 4-2 at 13–14 (stating that Ms. Boyd-Bostic used baby powder purchased from Rite Aid in Hartsville, South Carolina, which was located at the corner of 5th Street and Washington Street); 11-2 at 3 (stating that Ms. Boyd-Bostic used baby powder purchased from Rite Aid as early as 1987). Removing Defendants attempt to persuade the Court that this Rite Aid location has always been owned by EDC Drug Stores, Inc. ECF No. 6 at 2. However, Plaintiff has offered evidence that EDC Drug Stores, Inc. was not incorporated in North Carolina until 1997, ECF No. 11-4 at 2, and have provided a Title to Real Estate showing that the Hartsville Rite Aid was owned by Defendant Rite Aid of South Carolina, Inc. prior to 1997, ECF No. 11-5.[4] Plaintiff also notes that Defendant Rite Aid of South Carolina, Inc. has not sought dismissal, summary judgment, or substitution in State Court.

---

[4] Indeed, the Title to Real Estate document shows a transfer from Defendant Rite Aid of South Carolina, Inc. to Kerr Acquisition Corporation. ECF No. 11-5 at 2. According to documents submitted by Plaintiff, Kerr is the corporate predecessor to EDC Drug Stores, Inc. ECF No. 11-4 at 2. Further, Plaintiff has submitted an Affidavit of Ron S. Chima, Senior Counsel in the Legal Department for Rite Aid, which was submitted in other litigation to this Court. ECF No. 11-3. The Affidavit states that stores in South Carolina that were Rite Aid stores prior to Rite Aid's 2007 acquisition of Eckerd remain owned by Defendant Rite Aid of South Carolina, Inc. ECF No. 11-3 at 3. This is in direct

The Court acknowledges that the parties appear to have a genuine dispute about who the proper corporate defendant is in this case. But the standard for proving fraudulent joinder is a high one, and Removing Defendants have not met it in this case. *See Toney v. LaSalle Bank Nat. Ass'n*, 36 F. Supp. 3d 657, 663 (D.S.C. 2014) (noting that the defendant must show "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court"). Plaintiff has certainly demonstrated that he has, at least, a slight possibility of succeeding on the merits of his claims against Defendant Rite Aid of South Carolina, Inc. Therefore, the Court finds that Defendant Rite Aid of South Carolina, Inc. was not fraudulently joined, and there is not complete diversity in this case. Accordingly, the Motion to Remand is **GRANTED**.

### B. Motion for Attorneys' Fees

In his Reply to Defendants' Response to Plaintiff's Emergency Motion to Remand, Plaintiff withdraws his request for attorneys' fees. Therefore, the Motion for Attorneys' Fees is **DENIED AS MOOT**.

### IV. Conclusion

For these reasons, Defendants have not proved that this Court has subject matter jurisdiction over this case. As a result, Plaintiff's Emergency Motion to Remand; Reduce the Defendants' Time to Respond; and Award Attorneys' Fees is **GRANTED IN PART** with respect to the request for remand and **DENIED AS MOOT** as to the request for attorneys' fees. Additionally, Removing Defendants have failed to properly file a Motion

---

contradiction to statements made by Removing Defendants in these removal proceedings.

to Amend the Notice of Removal.  Therefore, the Court directs the Clerk to strike the filing, ECF No. 9, from the Record.

    IT IS SO ORDERED.

                                                                   s/Donald C. Coggins, Jr.
                                                                   United States District Judge

April 16, 2018
Spartanburg, South Carolina